**[Rule 1910.4. Commencement of Action. Fee.**

     (a)    An action shall be commenced by filing a complaint with the domestic relations section of the court of common pleas.

     Note: For the form of the complaint, see Rule 1910.27(a).

     *See* Pa.R.C.P. No. 1930.1(b). To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* shall apply.

     Section 961 of the Judicial Code, 42 Pa.C.S. § 961, provides that each court of common pleas shall have a domestic relations section.

     (b)    No filing fee shall be required in advance.]

**[Explanatory Comment-1994**

The rule continues the practice under repealed Section 6704(a) of the Judicial Code in providing that the action shall be commenced by the filing of a complaint. The complaint will be filed with the domestic relations section of the court of common pleas. Section 961 of the Judicial Code provides for each court of common pleas to have a domestic relations section.

Subdivision (b) continues the prior practice under the repealed Act of July 13, 1953, P.L. 431, § 14, 62 P.S. § 2043.44, which provided: "No fee shall be required to be paid in advance."]

**--- The text below replaces the current rule in its entirety. ---**

**Rule 1910.4. Domestic Relations Section. Commencement of Action. No Filing Fees. Authorized Fees.**

(a)     Each court of common pleas shall have a domestic relations section that shall be the filing office for pleadings and documents for child support, spousal support, and alimony *pendente lite* actions.

(b)     A party shall commence actions for child support and spousal support by filing a complaint in the domestic relations section.  A party shall commence an action for alimony *pendente lite* by filing a complaint in the domestic relations section if a divorce complaint has been filed with the prothonotary.

> *Note:  See* Pa.R.C.P. No. 1910.27(a) for the form of the complaint.

> *See* Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* shall apply.

> *See* the Pennsylvania Department of Human Services Child Support Program for e-services, including filing for support or requesting a modification of an existing support order at https://www.humanservices.state.pa.us/csws/.

> *See* Pa.R.C.P. No. 1920.31(a)(2) regarding the filing of alimony *pendente lite* actions in the domestic relations section.

(c)     The domestic relations section shall not require payment of a filing fee to commence or modify an action.

(d)     Unless authorized by statute, a judicial district shall not impose additional fees in actions for child support, spousal support, and alimony *pendente lite*.  The domestic relations section shall collect fees through the Pennsylvania Child Support Enforcement System (PACSES).

> *Note:*  The statutorily authorized fees in actions for child support, spousal support, and alimony *pendente lite* include the genetic testing fee, the federally mandated annual fee, and fees associated with statewide court operations referenced in 204 Pa. Code § 29.351.

**Rule 1910.16. Support Order. Allocation.**

(a)    In an order awarding child support and spousal support **or child support and alimony** *pendente lite*, the court may on its own motion or upon the motion of either party**:**

       (1)    Make an unallocated award in favor of the spouse and one or more children**[,];** or

       (2)    State the amount of support allocable to the spouse and the amount allocable to each child.

*Note:  See* 23 Pa.C.S. § 4348(d) for additional matters **[which]that** must be specified in an order of support if arrearages exist when the order is entered.

(b)    **[An unallocated order in favor of the spouse and one or more children shall be a final order as to all claims covered in the order. No motion for post-trial relief may be filed to the final order.]An unallocated order for child support and spousal support or child support and alimony** *pendente lite* **shall be a final order as to all claims covered in the order.  Motions for post-trial relief may not be filed to the final order.**

*Note:*  The procedure relating to Motions for Reconsideration is set forth in **[Rule]Pa.R.C.P. No.** 1930.2.

* * *

4

**Explanatory Comment - 2018**

**Subdivision (b) resolves the question of the appealability of an unallocated order and any other claims adjudicated in that order. The rule declares the orders are final and appealable. Not only is the unallocated support order final and appealable, so are the other claims covered in the order, irrespective of whether those would be final and appealable had the claims not been a part of the order awarding unallocated support.**

**Rule 1910.16-4. Support Guidelines. Calculation of Support Obligation, Formula.**

\* \* \*

**(f) Allocation. Consequences.**

(1)     An order awarding **[both spousal and]** child support **and spousal support or child support and alimony** *pendente lite* may be unallocated or **may** state the amount of support allocable to the spouse and the amount allocable to each child.  **[Each]The** order shall clearly state whether it is allocated or unallocated even if the amounts calculated for child **support** and spousal support **or child support and alimony** *pendente lite* are delineated **[on]in** the order.  However, Part IV of the formula provided by these rules assumes that an order will be unallocated. Therefore, if the order is **[to be ]**allocated, the formula set forth in this rule shall be utilized to determine the amount of support allocable to the spouse. If **the** allocation of an order utilizing the formula would be inequitable, the court shall make an appropriate adjustment.  Also, if an order is **[to be]** allocated, an adjustment shall be made to the award giving consideration to the federal income tax consequences of an allocated order as may be appropriate under the circumstances.  **[No consideration of]The** federal income tax consequences shall **not** be **[applied]considered** if the order is unallocated or the order **is** for **[the]** spousal support or alimony **[pendente lite]***pendente lite* only.

*Note:*  The 2005 amendment supersedes *Diament v. Diament*, 816 A.2d 256 (Pa. Super. **[Ct.]** 2003), to the extent that it held that the tax savings from payments for the benefit of a spouse alone or from an unallocated order for the benefit of a spouse and child must be considered in determining the obligor's available net income for support purposes. **[Rule]Pa.R.C.P. No.** 1910.16-4(f)(1) states that the guidelines formula assumes that the order will be unallocated. The tax consequences of an order for a spouse alone or an unallocated order for the benefit of a spouse and child have already been built into the formula.

(2)     When the parties are in higher income brackets, the income tax considerations are likely to be a more significant factor in determining an award of support.  A support award for a spouse and children is taxable to the obligee while an award for the children only is not.  Consequently, in certain situations**,** an award only for the children will be more favorable to the obligee than an award to the spouse and children.  In this situation, the trier of fact should utilize the **[guidelines which result]method that results** in the greatest benefit to the obligee.

**[When]If** the obligee's net income is equal to or greater than the obligor's net income, the guideline amount for spouse and children is identical to the guideline amount for children only.  Therefore, in cases involving support for spouse and children,

6

whenever the obligee's net income is equal to or greater than the obligor's net income, the guideline amount indicated shall be attributed to child support only.

(3)  Unallocated charging orders for child **support** and spousal support**[,]** or child support and alimony **[pendente lite,]***pendente lite* shall terminate upon the death of the **[payee spouse or payee ex-spouse]obligee**.

(4)  In the event that the obligor defaults on an unallocated order, the court shall allocate the order for collection of child support pursuant to the Internal Revenue Service income tax refund intercept program or for registration and enforcement of the order in another jurisdiction under the Uniform Interstate Family Support Act, 23 Pa.C.S.**[A.]** §**§** 7101 **[et seq]***et seq*.  The court shall provide notice of allocation to the parties.

*Note:*  This provision is necessary to comply with various state and federal laws relating to the enforcement of child support.  It is not intended to affect the tax consequences of an unallocated order.

**[Explanatory Comment—2005**

**Rule 1910.16-4(a) sets forth the income shares formula used to establish the support obligation. Subdivision (b) provides the method for calculating support for seven or more children as the basic support schedule in Rule 1910.16-3 sets forth the presumptive amount of support for only up to six children.**

**Subdivision (c) sets forth the method for calculating the presumptive amount of support in cases where the children spend 40% or more of their time during the year with the obligor. When there is equal time sharing, subsection (2) reduces the support obligation further so that the obligor does not pay more than is necessary to equalize the parties' combined income between the two households. Subsection (3) expressly excludes SSR cases from application of this rule. Since the SSR already reduces support to a minimal level, no further reduction should be given for the amount of time spent with the children.**

**Subdivision (d) relates to the calculation of support in divided or split custody cases. It retains the existing method for offsetting the parties' respective support obligations when one or more of the children resides with each party.**

**Subdivision (e) governs spousal support obligations when the custodial parent owes spousal support. It has not been amended, other than to update the example to be consistent with the new schedule at Rule 1910.16-3.**

**In subdivision (f), the guidelines continue to presume that the order will be unallocated for tax purposes. However, new language has been added to subsection (f)(1), and a new Note has been inserted, to clarify that an obligor's tax savings from payment of a spousal support order or an unallocated order for a**

spouse and child should not be considered in calculating the obligor's available net income for support purposes. Subsection (3) is intended to insure alimony tax treatment of unallocated orders pursuant to § 71 of the Internal Revenue Code. Rule 1910.19(d) provides that all spousal support and alimony pendente lite orders terminate upon the death of the payee. Termination of a charging order does not affect arrears existing at that time. Subsection (4) provides for administrative allocation of the order in two instances: 1) when the obligor defaults on the order and it becomes necessary to collect support by intercepting any income tax refunds that may be due and payable to obligor; and 2) when the obligor defaults and the order must be registered in another state under the Uniform Interstate Family Support Act (UIFSA). As the Note indicates, this administrative allocation is not intended to affect the tax consequences of the unallocated order.

## Explanatory Comment—2010

The basic support schedule incorporates an assumption that the children spend 30% of the time with the obligor and that the obligor makes direct expenditures on their behalf during that time. Variable expenditures, such as food and entertainment, that fluctuate based upon parenting time, were adjusted in the schedule to build in the assumption of 30% parenting time. Upward deviation should be considered in cases in which the obligor has little or no contact with the children. However, upward deviation may not be appropriate where an obligor has infrequent overnight contact with the child, but provides meals and entertainment during daytime contact. Fluctuating expenditures should be considered rather than the extent of overnight time. Downward deviation may be appropriate when the obligor incurs substantial fluctuating expenditures during parenting time, but has infrequent overnights with the children.

The calculation in Rule 1910.16-4(c) reduces an obligor's support obligation further if the obligor spends significantly more time with the children. The obligor will receive an additional 10% reduction in the amount of support owed at 40% parenting time, increasing incrementally to a 20% reduction at 50% parenting time. This method still may result in a support obligation even if custody of the children is equally shared. In those cases, the rule provides for a maximum obligation which may reduce the obligation so that the obligee does not receive a larger portion of the parties' combined income than the obligor.]

**Explanatory Comment - 2005**

Pa.R.C.P. No. 1910.16-4(a) sets forth the income shares formula used to establish the support obligation. Subdivision (b) provides the method for calculating support for seven or more children as the basic support schedule in Pa.R.C.P. No. 1910.16-3 sets forth the presumptive amount of support for up to six children.

Subdivision (c) sets forth the method for calculating the presumptive amount of support in cases where the children spend 40% or more of their time during the year with the obligor. When there is equal time sharing, subdivision (2) reduces the support obligation further so that the obligor does not pay more than is necessary to equalize the parties' combined monthly net income between the two households. Subdivision (3) expressly excludes SSR cases from the application of this rule. Since the SSR already reduces support to a minimal level, a further reduction should not be given for the amount of time spent with the children.

Subdivision (d) relates to the calculation of support in divided or split custody cases. It retains the existing method for offsetting the parties' respective support obligations when one or more of the children resides with each party.

Subdivision (e) governs spousal support obligations when the custodial parent owes spousal support. It has not been amended, other than to update the example to be consistent with the new schedule at Pa.R.C.P. No. 1910.16-3.

Subdivision (f) states that the guidelines continue to presume that the order will be unallocated for tax purposes. However, language has been added to subdivision (f)(1), and a new Note has been inserted, to clarify that an obligor's tax savings from payment of a spousal support order or an unallocated order for a spouse and child should not be considered in calculating the obligor's available net income for support purposes. Subdivision (3) is intended to ensure alimony tax treatment of unallocated orders pursuant to § 71 of the Internal Revenue Code. Pa.R.C.P. No. 1910.19(d) provides that all spousal support and alimony *pendente lite* orders terminate upon the death of the obligee. Termination of a charging order does not affect arrears existing at that time. Subdivision (4) provides for administrative allocation of the order in two instances: 1) when the obligor defaults on the order and it becomes necessary to collect support by intercepting any income tax refunds that may be due and payable to obligor; and 2) when the obligor defaults and the order must be registered in another state under the Uniform Interstate Family Support Act (UIFSA). As the Note indicates,

**this administrative allocation is not intended to affect the tax consequences of the unallocated order.**

**Explanatory Comment—2010**

**The basic support schedule incorporates an assumption that the children spend 30% of the time with the obligor and that the obligor makes direct expenditures on their behalf during that time. Variable expenditures, such as food and entertainment, that fluctuate based upon parenting time were adjusted in the schedule to build in the assumption of 30% parenting time. Upward deviation should be considered in cases in which the obligor has little or no contact with the children. However, an upward deviation may not be appropriate if an obligor has infrequent overnight contact with the child, but provides meals and entertainment during daytime contact. Fluctuating expenditures should be considered rather than the extent of overnight time. A downward deviation may be appropriate when the obligor incurs substantial fluctuating expenditures during parenting time but has infrequent overnights with the children.**

**The calculation in Pa.R.C.P. No. 1910.16-4(c) reduces an obligor's support obligation further if the obligor spends significantly more time with the children. The obligor will receive an additional 10% reduction in the amount of support owed at 40% parenting time, increasing incrementally to a 20% reduction at 50% parenting time. This method still may result in a support obligation even if custody of the children is equally shared. In those cases, the rule provides for a maximum obligation so that the obligee does not receive a larger portion of the parties' combined monthly net income than the obligor.**

**Explanatory Comment—2018**

**The allocation of a support order is of great significance to the parties. The issue of allocation may arise in a support action if child support and spousal support or child support and alimony *pendente lite* are sought. The decision to allocate a support order will determine the party that pays the federal income tax, which affects the actual money available to the beneficiary of the order.**

**Allocation of a support order may not be appropriate in all cases. Rather, the decision to allocate must be based upon the facts of the particular case. Subdivision (f) makes clear that the court has the authority to allocate the order and that the decision rests in the discretion of the court. The court or the parties may raise the question of allocation.**

**Rule 1910.17. Support Order. Effective Date. Change of Circumstances. Copies of Order. Priority of Distribution of Payments.**

\* \* \*

**Explanatory Comment—2010**

Subdivision (d) has been moved from **[Rule]Pa.R.C.P. No.** 1910.16-7 and expanded for clarification. It addresses the priority of the distribution of payments and collections in all cases, not just those involving multiple families. However, collections realized through the interception of federal tax returns by the Internal Revenue Service are subject to federal distribution priorities. **[See]**_See_ 45 CFR **§** 303.72(h). An unallocated order for child **support** and spousal support **or child support and alimony** _pendente lite_ has the same priority as a child support order.

**Rule 1920.1. Definitions. Conformity to Civil Action.**

(a)  As used in this chapter,

"action**[" means],"** an action of divorce or an action for annulment of marriage**,** which may include **[any other claim which may under the Divorce Code]the ancillary claims that may** be joined with the action of divorce or for annulment **under the Divorce Code, except as otherwise provided in these rules**;

"custody**,**" includes partial custody**[ and visitation]**;

"divorce**[" means],"** divorce from the bonds of matrimony **or dissolution of a civil union**;

\* \* \*

_Note_:  **[For other claims which may be joined, see Section 3104 of the Divorce Code, 23 Pa.C. S. § 3104]**_See_ **Section 3104 of the Divorce Code for the ancillary claims that may be joined in a divorce action, except as otherwise provided in these rules**.

**_See_ Pa.R.C.P. No. 1920.31(a)(2) as to raising claims for child support, spousal support, and alimony _pendente lite_.**

**The definition of divorce has been expanded to include civil unions. _See Neyman v. Buckley_, 153 A.3d 1010 (Pa. Super. 2016).**

**Rule 1920.13. Pleading More Than One Cause of Action. Alternative Pleading.**

(a)      The plaintiff may state in the complaint one or more grounds for divorce and may join in the alternative a cause of action for annulment.

(b)      **Except as otherwise provided in these rules, the**[The] plaintiff may**:**

(1)      join **as separate counts** in the complaint **[in separate counts any other claims which may under the Divorce Code be joined]the ancillary claims that may be joined** with an action of divorce or for annulment **under the Divorce Code; [or, if they have not been so joined, the plaintiff may as of course]**

**(2)**      amend the complaint to include **[such other]the ancillary** claims**;** **[or may ]**

**(3)**      file to the same term and number a separate supplemental complaint or complaints limited to **[such other]the ancillary** claims; or

(**[2]4**)  file to the same term and number a subsequent petition raising **[such other]the ancillary** claims.

(c)      The court may order **[alimony pendente lite,]** reasonable counsel fees**[,]** **and** costs and expenses pending final disposition of any claim.

*Note:  See* Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania.*

*See* **Pa.R.C.P. No. 1920.31(a)(2) as to raising claims for child support, spousal support, and alimony** *pendente lite.*

*See* **Pa.R.C.P. No. 1910.26(b) for interim or special relief for support and alimony** *pendente lite* **actions proceeding through the domestic relations section.**

**Rule 1920.15. Counterclaim. Subsequent Petition.**

(a)      The defendant may **[set forth]state a cause of action of divorce or for annulment** in an answer under the heading "Counterclaim" **[a cause of action of divorce or for annulment and, whether the defendant does so or not, may set forth any other matter which under the Divorce Code may be joined with an action of divorce]**.

(b)     **Except as otherwise provided in these rules, the[The]** defendant may**:**

**(1)     join as separate counts in the counterclaim the ancillary claims that may be joined with an action of divorce or for annulment under the Divorce Code; or**

**(2)**     file to the same term and number a subsequent petition raising **[any claims which under the Divorce Code may be joined with an action of divorce or for annulment. The averments shall be deemed denied unless admitted by an answer]the ancillary claims that may be joined with an action of divorce or for annulment under the Divorce Code**.

**(c)     The averments in the counterclaim shall be deemed denied unless admitted by an answer.**

*Note:  See* Pa.R.C.P. No. 1920.31, which requires the joinder of certain related claims under penalty of waiver. A claim for alimony must be raised before the entry of a final decree of divorce or annulment.

***See* Pa.R.C.P. No. 1920.31(a)(2) as to raising claims for child support, spousal support, and alimony *pendente lite*.**

*See* Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*.

* * *

13

**Rule 1920.31. Joinder of Related Claims. [Child and Spousal Support.] Alimony. [Alimony Pendente Lite.] Counsel Fees. Costs and Expenses.**

(a)     (1)     If a party has raised a claim for alimony, counsel fees, or costs and expenses, the parties shall file a true copy of the most recent federal income tax return, pay stubs for the preceding six months, a completed Income Statement in the form required by Pa.R.C.P. No. 1910.27(c)(1), and a completed Expense Statement in the form required by Pa.R.C.P. No. 1910.27(c)(2)(B).  A party may not file a motion for the appointment of a master or a request for court action regarding alimony, **[alimony pendente lite,]** counsel fees, or costs and expenses until at least 30 days following the filing of that party's tax returns, Income Statement, and Expense Statement. The other party shall file the tax returns, Income Statement, and Expense Statement within 20 days of service of the moving party's documents.  **[If a claim for child support, spousal support or alimony pendente lite is raised in a divorce complaint, no expense form is needed in a support action that can be decided pursuant to the support guidelines unless a party claims unusual needs or unusual fixed expenses or seeks deviation pursuant to Rule 1910.16-5 or apportionment of expenses pursuant to Rule 1910.16-6.]**

*Note:  See* Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*.

**(2)     A divorce complaint shall not include claims for child support, spousal support, and alimony *pendente lite*.  Instead, claims for child support, spousal support, and alimony *pendente lite* shall be raised in the domestic relations section by filing a complaint pursuant to Pa.R.C.P. No. 1910.4.**

(**[2]3**)  If a party fails to file the documents as required by subdivision (a)(1), the court on motion may make an appropriate order under **[Rule]Pa.R.C.P. No.** 4019 governing sanctions.

**[(3)     In those counties in which the prothonotary's office does not automatically forward a divorce complaint containing claims for support or alimony pendente lite to the domestic relations section or other appropriate office, if a claim for support or alimony pendente lite is filed as a count in a divorce rather than as a separate action, the award shall be retroactive to the date the moving party delivers a copy of the complaint to the domestic relations section or other appropriate office with a demand for hearing.]**

14

(b)     (1)     Orders **[of child support, spousal support, alimony or alimony pendente lite]for alimony** may be enforced as provided by the rules governing actions for support and divorce, and in the Divorce Code.

Note:  **[See, inter alia]***See, inter alia*, Section 3323(b) of the Divorce Code relating to enforcement of the rights of any party under a decree, Section 3505(a) **of the Divorce Code** relating to **an** injunction against disposition of property pending suit, and Section 3703 **of the Divorce Code** relating to **the** collection of arrearages.

(2)  When so ordered by the court, **[all ]**payments **[of child or spousal support, alimony or alimony pendente lite]for alimony** shall be made to the domestic relations section of the court **[which]that** issued the order.

(c)     The failure to claim spousal support, alimony, alimony **[pendente lite]***pendente lite,* **[or]** counsel fees**, and costs** and expenses prior to the entry of a final decree of divorce or annulment shall be deemed a waiver **of those claims, [thereof]** unless the court expressly provides otherwise in its decree. The failure to claim child support **before the entry of a final decree of divorce or annulment** shall not bar a separate and subsequent action**[ therefor]**.

(d)     Upon entry of a decree in divorce, **[any]an** existing order for spousal support shall be deemed an order for alimony **[pendente lite]***pendente lite* if any economic claims remain pending.

**Explanatory Comment - 2018**

As amended, Pa.R.C.P. No. 1920.31 precludes parties from raising claims for child support, spousal support, and alimony *pendente lite* as counts in a divorce action.  Instead, parties shall file those claims in the domestic relations section as a separate action from the divorce.  The amendment of this rule is not intended to affect the legal distinction between spousal support and alimony *pendente lite.*

**Rule 1920.51. Hearing by the Court. Appointment of Master. Notice of Hearing.**

(a)  (1)  The court may hear the testimony or, upon **[its own motion or the motion of either party,]motion of a party or of the court, the court** may appoint a master **[with respect to all or any of the matters]to hear the actions and ancillary claims** specified in subdivision (a)(2)(i)**[ to consider same]** and issue a report and recommendation. The order of appointment shall specify the **[matters which]actions and ancillary claims that** are referred to the master.

(2)  (i)  The court may appoint a master in an action of divorce under Section 3301(a), (b)**,** and (d)(1)(ii) of the Divorce Code, an action for annulment, and the **ancillary** claims for alimony, **[alimony pendente lite]**, equitable **[distribution]division** of marital property**[, child support]**, partial custody**[ or visitation, or],** counsel fees, **and** costs and expenses, or any aspect **[thereof]of those actions or claims**.

\* \* \*

**Rule 1920.52. Hearing by the Court. Decision. No Post-trial Relief. Decree.**

(a)  In claims involving**:**
   (1)  marital property**[,]:**
   (2)  enforcement of marital agreements**[,]:**
   (3)  alimony**[,]:** or
   (4)  a contested action of divorce**[,]** or **for** annulment,

the order of the **[trial judge]court** shall state the reasons **[therefor]for its decision**. **[No]A** motion for post-trial relief may **not** be filed to **[any order]orders with the actions or claims** enumerated in this subdivision.

(b)  In claims involving**:**
   **[(1)  child or spousal support,]**
   (**[2]1**)  paternity **[when tried by a judge,]:**
   (**[3]2**)  custody**[, partial custody, or visitation,]:**
   **[(4)  alimony pendente lite,]**
   (**[5]3**)  counsel fees**[, costs and expenses, or]:**
   **(4)  costs and expenses;**
   (**[6]5**)  an uncontested action of divorce or annulment**[,]:** or
   (**[7]6**)  protection from abuse,

the order of the **[trial judge]court** may set forth only general findings. **[No]A** motion for post-trial relief may **not** be filed to **[any order]orders with the actions or claims** enumerated in this subdivision.

**Rule 1920.54. Hearing by Master. Report. Related Claims.**

(a) If claims for **[child support, alimony pendente lite, or]** counsel fees and **costs and** expenses have been referred to a master pursuant to **[Rule]Pa.R.C.P. No.** 1920.51(a), the master's report shall contain **a** separate **[sections]section** captioned **["Child Support," "Alimony Pendente Lite," or]** "Counsel Fees **and Costs** and Expenses"**[ as appropriate]**. The report may be in **a** narrative form stating the reasons for the recommendation and shall include a proposed order stating**:**

    (1)    the amount**[ of support or alimony pendente lite]**;
    (2)    by and for whom it shall be paid; and
    (3)    the effective date of the order.

* * *

**[Rule 1920.56. Support. Alimony Pendente Lite. Allocation of Order.**

**(a)    In an order awarding child support combined with spousal support, alimony pendente lite or both, the court may on its own motion or upon the motion of either party**

    **(1)    make an unallocated award in favor of the spouse and one or more children, or**

    **(2)    state the amount of support allocable to the spouse and the amount allocable to each child.**

**(b)    An unallocated order in favor of the spouse and one or more children shall be a final order as to all claims covered in the order.]**

# [EXPLANATORY COMMENT-1989

The allocation of a support order is of great significance to the parties and the court. It has impact upon two substantive areas, federal income taxation and subsequent modification of an order.

With respect to taxation, the decision to allocate a support order will determine which party pays the federal income tax and thus the actual amount of money available to the beneficiary of the order. With regard to subsequent modification of an order, allocation will enable the court to determine whether modification is warranted since the amount of support each beneficiary is receiving is known.

The issue of allocation arises in a support action where both child and spousal support are sought. It also surfaces in actions for divorce in which child support is sought together with spousal support, alimony pendente lite or both. Two rules are proposed to govern these situations, one for support actions (amended Rule 1910.16) and one for divorce actions (new Rule 1920.56).

Allocation of a support order may not be appropriate in all cases. Rather, the decision whether to allocate must be based upon the facts of the particular case. Subdivision (a) of each rule makes clear that the court has the power to determine whether or not to allocate and that the decision rests in the discretion of the court. The question of allocation may be raised by the court on its own motion or by the parties.

Subdivision (b) of each rule settles the question of the appealability of an unallocated order and any other claims adjudicated in that order. The rule declares such orders to be final and therefore appealable. Not only is the unallocated support order final and appealable, so also are any other claims covered in the same order irrespective of whether they would be final and appealable had they not been a part of the order awarding unallocated support.]

**Rule 1920.74. Form of Motion for Appointment of Master. Order.**

     (a)    The motion for appointment of a master shall be substantially in the following form:

(Caption)

MOTION FOR APPOINTMENT OF MASTER

_____ (Plaintiff) (Defendant), moves the court to appoint a master with respect to the following claims:

( ) Divorce

( ) Annulment

( ) Alimony

**[( ) Alimony Pendente Lite]**

( ) **[Distribution of]<u>Division of Marital</u>** Property

**[( ) Support]**

( ) Counsel Fees

( ) Costs and Expenses

and in support of the motion states:

     (1)    Discovery is (is not) complete as to the claim(s) for which the appointment of a master is requested.

     (2)    The non-moving party (has) (has not) appeared in the action (personally) (by his **<u>or her</u>** attorney, _____, Esquire).

     (3)    The statutory ground(s) for divorce (is) (are) _____ _____.

     (4)    Delete the inapplicable paragraph(s):
         (a)    The action is not contested.
         (b)    An agreement has been reached with respect to the following claims: _____
_____.

        (c)     The action is contested with respect to the following claims: _____

_____.

(5)     The action (involves) (does not involve) complex issues of law or fact.

(6)     The hearing is expected to take _____ (hours) (days).

(7)     Additional information, if any, relevant to the motion: _____

_____.

Date: _____

_____

Attorney for (Plaintiff) (Defendant)

\* \* \*